Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 33} I agree with the majority that robbery under R.C. 2911.02(A)(2) and aggravated robbery under R.C. 2911.01(A)(1) are allied offenses of similar import, and that felonious assault under R.C. 2903.11(A)(1) and felonious assault under R.C. 2903.11(A)(2) are allied offenses of similar import. I also agree that the six convictions for robbery and aggravated robbery must be merged to a total of three convictions for robbery or aggravated robbery, and that the two counts of felonious assault involving Meatchem must be merged into one for sentencing purposes.
{¶ 34} I dissent from the majority’s conclusion that the case must be remanded to the trial court for a determination of whether the state charged Harris with striking Dwight Lawrence with the gun as part of the robbery or whether the striking with the gun and the later shooting of Dwight Lawrence were separately charged as assaults.
{¶ 35} The majority asserts that it is unclear from the record and jury instructions whether the state charged Harris with felonious assault resulting from his striking of Dwight Lawrence. To the contrary, in the state’s closing argument at trial, it sought convictions for felonious assault only for the shootings. The state mentioned Harris’s act of striking Dwight Lawrence in the head only in the context of the charges of aggravated robbery. Later in the closing argument, the state transitioned into a discussion of the charges of felonious assault, stating, “Moving down to the felonious assaults, that’s where the shootings come in.” The state asserted that each shot that was fired and hit a victim was sufficient to support convictions for felonious assault under both R.C. 2903.11(A)(1) and 2903.11(A)(2). Clearly, then, the state sought to charge Harris with felonious assaults arising only out of the gunshots.
{¶ 36} For these reasons, I concur in the syllabus of the court and the majority’s conclusions concerning the merger of the robbery and aggravated robbery counts and the merger of the two counts of felonious assault involving Meatchem. I dissent to the extent that the majority does not merge the two counts of felonious assault involving Dwight Lawrence.
Moyer, C.J., and Pfeifer, J., concur in the foregoing opinion.
*381 Robert L. Tobik, Cuyahoga County Public Defender, and Jon T. Martin and Cullen Sweeney, Assistant Public Defenders, urging reversal for amicus curiae, Cuyahoga County Public Defender.